UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Harold E. Holmes, Jr.,                                   Case No.  3:17-cv-01907

            Plaintiff

v.                                                       MEMORANDUM OPINION
                                                              AND ORDER

Toledo Gaming Ventures, LLC, *et al.*,

            Defendants

## BACKGROUND AND HISTORY

*Pro se* Plaintiff Harold Holmes, Jr. filed this action under 42 U.S.C. § 1981 against Toledo

Gaming Ventures, Inc., and the Hollywood Casino in Toledo.  In the Complaint, Plaintiff alleges

Defendants engaged in intentional racial discrimination against Kiesha Holmes ("K. Holmes") and

her daughter Kohrea McKinney ("McKinney") when they visited the Hollywood Casino in Toledo

in January 2016.  That incident prompted K. Holmes and McKinney to file a lawsuit against

Defendants asserting claims under § 1981.  *See Holmes v. Toledo Gaming Ventures*, 3:16 CV 464 (N.D.

Ohio filed June 5, 2017)(Helmick, J.).  That suit is still pending before me in this Court.  Plaintiff

objects to the fact that Toledo Gaming Ventures and Hollywood Casinos are defending that lawsuit

rather than settling with K. Holmes and McKinney.  Plaintiff also alleges the federal judiciary is in

cahoots with Defendants against K. Holmes and McKinney because of their race.  Plaintiff claims he

is entitled to $ 1,500,000.00.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

In every federal case, the party bringing the suit has the burden to establish standing to prosecute the action. Federal courts have constitutional authority to decide only "cases" and "controversies." U.S. Const. art. III § 2; *see Muskrat v. United States*, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911). The requirement of standing is "rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). The "irreducible constitutional minimum" of standing is that for each claim, each Plaintiff must

allege: (1) an actual or imminent injury in fact; (2) that is traceable to the Defendant; and (3) redressable by the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–62, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 185, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (agreeing that "a Plaintiff must demonstrate standing separately for each form of relief sought").

To have standing to bring a claim, the Plaintiff, himself, must have suffered an actual or imminent injury in fact. An "injury in fact," is defined as "an invasion of a *legally protected interest* which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical.""" *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (emphasis added) (citations omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983))). The requirement that an injury be "concrete and particularized" has two discrete parts: (1) concreteness, which is the requirement that the injury be "real," and not "abstract," *Spokeo*, 136 S.Ct. at 1548, and (2) particularization, which is the requirement that the Plaintiff "personally [have] suffered some actual or threatened injury" as opposed to bringing a generalized grievance. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (emphasis added). Generally, "a plaintiff must 'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (quoting *Warth*, 422 U.S. at 499, 95 S.Ct. 2197; *see also Ovalle*, 136 F.3d at 1100–01; *Powers v. Ohio*, 499 U.S. 400, 410, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991)).

In this case, Plaintiff has not alleged a *particularized*, *personal* injury. He merely alleges the Defendants injured K. Holmes and McKinney. There is no indication that Plaintiff was personally involved in the events that occurred in the Casino in January 2016. He is not a party to the lawsuit filed by K. Holmes and McKinney. Plaintiff does not describe his relationship to Holmes and

McKinney; however, the fact that Plaintiff may be collaterally affected in some way by the adjudication of K. Holmes's or McKinney's rights does not necessarily extend the Court's Article III powers to him. *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 692 (6th Cir. 1985). Further, I find any allegation of a conspiracy between the federal judiciary and Defendants to be merely "conjectural" and "hypothetical" with no basis in fact. Plaintiff has not alleged sufficient facts to demonstrate he suffered an actual injury in fact to establish standing to bring this action.

### CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude that Plaintiff does not have standing to bring this action. Since Plaintiff has no standing to bring this action, I find it unnecessary to stay this action pending the possibility he may be able to pay the filing fee. Therefore, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, Plaintiff's Motion to Stay is denied (Doc. No. 8), and this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge